IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 1:92-cr-01047-MP-WCS

JAWARIEL COFFIE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 337, Motion to Reduce Sentence (regarding Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C.A. § 3582) by Jawariel Coffie. The United States has filed a response, Doc. 339. As the government notes, Mr. Coffie's motion relies on the policy reasons for the proposal of Amendment 9, a change to the Sentencing Guidelines which has not yet become law. Mr. Coffie admits that under current law, his minimum guideline sentence would be life in prison.

The Motion to Reduce Sentence does not state that Amendment 9 has been adopted, which would be incorrect. Rather, the motion describes the policy reasons for the proposal of the amendment, and petitions this Court to apply those same policy considerations to re-sentence Mr. Coffie below the current guideline minimum of life in prison. As the law cited in the United States' response reveals, this Court cannot do so, and therefore must deny relief.

This Court cannot re-sentence Mr. Coffie below the current guideline range because the defendant's original sentence was within the then-applicable guideline range. *See* U.S. v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009) (per curiam). And, although the defendant was

originally sentenced before <u>Booker</u>, when the guidelines were mandatory, <u>Booker</u> does not apply to 18 U.S.C.A. § 3582(c)(2) proceedings such as this one.  *See also* <u>U.S. v. Melvin</u>, 556 F3d 1190, 1191-92 (11th Cir. 2009); <u>U.S. v. Smith</u>, 568 F.3d 923, 929 (11th Cir. 2009) (stating that, after <u>Melvin</u>, the argument that a district court should have sentenced the defendant below the amended guidelines range is "no longer tenable").  So this Court cannot apply Amendment 9, which is not yet law, and it cannot use the policy reasons behind Amendment 9 to sentence the defendant below the current guideline range.   Motion to Reduce Sentence, Doc. 337, is DENIED.

    **DONE AND ORDERED** this   *30th* day of November, 2009

                                  *s/Maurice M. Paul*
                                 Maurice M. Paul, Senior District Judge